825 F.2d 408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome Bennett FICKLING, Defendant-Appellant.
 No. 86-5179
 United States Court of Appeals, Fourth Circuit.
 Submitted May 28, 1987.
Decided July 24, 1987.
 
 (William B. Purpura, on brief), for appellant.
 (Breckinridge L. Wilcox, United States Attorney, E. Thomas Roberts, Assistant United States Attorney, on brief), for appellee.
 Before HALL and WILKINS, Circuit Judges, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant appeals his conviction by a jury of conspiracy to distribute cocaine, distribution of cocaine, attempt to distribute cocaine, and possession with intent to distribute cocaine. He argues that evidence that weapons were seized from the room from which he sold narcotics and from which drugs were recovered on the date of his arrest was not relevant to the issues of his being involved in a drug conspiracy, of his possession of cocaine with intent to distribute, and of his defense of entrapment, and that the admission of the weapons was an abuse of discretion warranting reversal and a new trial. We affirm.
 
 
 2
 We have consistently upheld the admission of handguns into evidence in drug cases as 'relevant to the issues raised by such cases.' United States v. Collazo, 732 F.2d 1200, 1206 (4th Cir. 1984), cert. denied sub nom, Alverez v. United States, 469 U.S. 1105 (1985).
 
 
 3
 It has been uniformly recognized that substantial dealers in narcotics possess firearms and that such weapons are as much tools of the trade as more commonly recognized drug paraphernalia. United States v. Payne, 805 F.2d 1062, 1065 (D.C. Cir. 1986). The weapons in this case were introduced against appellant along with testimony about the seizure of narcotics paraphernalia and other items in his room. It was not done in an inflammatory way, nor was there any indication through testimony of any gun play or use of the weapons. The weapons were, however, clearly relevant to the issue of the appellant's intent to distribute. Moreover, appellant insisted that the only reason he sold drugs to the undercover officers was because he feared physical danger from them. That the officers discovered weapons in the room from which he was apparently selling narcotics rebutted this claim of innocence. The guns were relevant evidence that assisted the jury in determining whether or not appellant was predisposed to sell narcotics not only to these officers but to anyone who contacted him.
 
 
 4
 AFFIRMED.